## LEEB et al. v. UNITED STATES.

(District Court, S. D. New York. October 7, 1926.)

1. **Internal revenue** ⟨⟩ 12—**Imported distilled spirits, on which duty tax only had been paid, held not subject to additional floor tax; "internal revenue tax" (Tariff Act 1913, par. 237 [Comp. St. § 5291]; War Revenue Act 1917, § 300 [Comp. St. § 5986a]; Revenue Act 1918, § 604 [Comp. St. § 5986j]).**

Imported distilled spirits, on which duty was paid under Tariff Act 1913, par. 237 (Comp. St. § 5291), and additional tax under War Revenue Act 1917, § 300 (Comp. St. § 5986a), at time of withdrawal, held not subject to floor tax imposed by Revenue Act 1918, § 604 (Comp. St. § 5986j), on distilled spirits on which "internal revenue tax" had been paid; such additional tax not being an "internal revenue tax."

2. **Statutes** ⟨⟩ 190—**Courts cannot read provisions into unambiguous statutes.**

Courts cannot read provisions into unambiguous statute, since Congress, and not courts, enacts laws.

3. **Internal revenue** ⟨⟩ 12—**Imported distilled spirits, shipped to Bermuda before expiration of permitted time in warehouse, held not subject to floor tax (Tariff Act 1913 [38 Stat. 114]; Revenue Act 1918, § 604 [Comp. St. § 5986j]).**

Imported distilled spirits on which customs duties were paid under Tariff Act 1913 (38 Stat. 114), and which were shipped to Bermuda before expiration of permitted time in warehouse, held not subject to floor tax, under Revenue Act 1918, § 604 (Comp. St. § 5986j).

At Law. Action by Alfred Leeb and another, copartners doing business under the firm name and style of Batjer & Co., against the United States. On motion of the United States to dismiss. Motion denied, and judgment for plaintiffs.

Benjamin A. Levett, of New York City (Wm. E. Russell, of New York City, of counsel), for petitioners.

Emory R. Buckner, U. S. Atty., and Thomas J. Crawford, Asst. U. S. Atty., both of New York City.

GODDARD, District Judge. This is an action brought by the plaintiffs, Batjer & Co., against the United States, to recover the sum of $3,699.20 and $480, with interest on these amounts, alleged to have been erroneously and illegally assessed and collected as internal revenue taxes upon certain distilled spirits under the provisions of section 604 of the Revenue Act of 1918, approved February 24, 1919 (Comp. St. § 5986j), commonly known as "floor tax."

The defendant has filed a motion to dismiss on the ground that the complaint fails to state a cause of action. There are two alleged causes of action—one to recover the said sum of $3,699.20; and the other to recover the said sum of $480.

### The First Cause of Action.

Prior to October 3, 1917, plaintiffs imported through the port of New York 1,156 proof gallons of distilled spirits, and placed them in United States bonded warehouse under customs custody. When the spirits were withdrawn for consumption, the Tariff Act of 1913 (38 Stat. 114) was in force, which levied a duty of $2.60 per proof gallon on distilled spirits. There was also in force at the time of withdrawal the War Revenue Act of October 3, 1917 (40 Stat. 300), which levied an additional tax of $2.10 per gallon of distilled liquors in bond at that time. Upon withdrawal, plaintiffs paid to the collector of customs $2.60 per proof gallon customs duty under paragraphs 237 and 240 of the Tariff Act of 1913 (Comp. St. § 5291), and the additional tax of $2.10 per proof gallon under section 300 of the War Revenue Act of October 3, 1917 (Comp. St. § 5986a).

On February 24, 1919, after the spirits were withdrawn and were in the possession of the plaintiffs, Congress passed the Revenue Act of 1918, which levied a tax of $3.20 per proof gallon on all distilled spirits which had theretofore paid an internal revenue tax. Following the passage of this last act, the collector of internal revenue for the Second district of New York demanded from plaintiffs the additional tax of $3.20 per proof gallon on this 1,156 gallons. This additional tax amounted to $3,699.20 and was paid by plaintiffs under protest on May 6, 1919. On February 23, 1921, plaintiffs filed claims for refund of said tax. The claim for refund was rejected by the Commissioner of Internal Revenue, and plaintiffs then brought this suit.

### Statutes.

Tariff Act of October 3, 1913, par. 237 (38 Stat. 114):

"Brandy and other spirits manufactured or distilled from grain or other materials, and not specially provided for in this section, $2.60 per proof gallon."

Paragraph 240:

"Cordials, liquors, arrack, absinthe,

kirschwasser, ratafie, and other spirituous beverages or bitters of all kinds, containing spirits, and not specially provided for in this section, $2.60 per proof gallon."

War Revenue Act of October 3, 1917 (40 Stat. 300) : .

"Sec. 300. That on and after the passage of this act there shall be levied and collected on all distilled spirits in bond at that time or that have been or that may be then or thereafter produced in or imported into the United States, except such distilled spirits as are subject to the tax provided in section three hundred and three, in addition to the tax now imposed by law, a tax of $1.10 (or, if withdrawn for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage, a tax of $2.10) on each proof gallon, or wine gallon when below proof, and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, to be paid by the distiller or importer when withdrawn, and collected under the provisions of existing law."

Revenue Act of 1918, approved February 24, 1919 (40 Stat. 1057) :

"Sec. 604. That upon all distilled spirits produced in or imported into the United States upon which the internal revenue tax now imposed by law has been paid, and which, on the day after the passage of this act, are held by any person and intended for sale or for use in the manufacture or production of any article intended for sale, there shall be levied, assessed, collected, and paid a floor tax of $3.20 (if intended for sale for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage) on each proof gallon, and a proportionate tax at a like rate on all fractional parts of such proof gallon."

[1] Counsel for plaintiffs contend that these distilled spirits were not subject to the "floor tax" because this "floor tax," imposed under section 604 of the Revenue Act of 1918, only applied to distilled spirits upon which an "internal revenue tax" had been paid, and that the tax of $2.10 imposed under section 300 of the War Revenue Act of 1917, upon distilled spirits while in bond, was a "duty tax," and not an "internal revenue tax." Clearly the tax of $2.10, imposed under section 300 of the War Revenue Act of 1917 upon distilled spirits still in bonded warehouse and under customs custody, is a customs duty and not an internal revenue tax.

The distinction and reason for the distinction between a customs duty and internal revenue tax is made clear by Mr. Chief Justice Marshall in Brown v. Maryland, 12 Wheat. 419, 6 L. Ed. 678, and in May v. New Orleans, 178 U. S. 496, 20 S. Ct. 976, 44 L. Ed. 1165. Mr. Justice Harlan at page 507 (20 S. Ct. 980), stated that Brown v. Maryland establishes, among other things, the following: "That a tax upon the thing imported during the time it retains its character as an import and remains the property of the importer, 'in his warehouse, in the original form or package in which it was imported', is a duty on imports within the meaning of the Constitution."

In Revenue Act 1918, § 604, Congress has specifically stated that the application of the $3.20 proof gallon for floor tax applied to distilled spirits that had theretofore paid an internal revenue tax. The government urges that Congress, in section 604 of the Revenue Act of 1918, did not use the words "internal revenue tax" in their strict sense, but intended them to include "customs duty tax"; otherwise, there would have been a discrimination in favor of the foreign importer and against the domestic owner.

[2] The language of section 604 is plain and not ambiguous; it does not permit a court to read into it something which is not there, because it seems that this particular section may favor a foreign importer. Congress, not courts, enact laws. I am not ready to assume that Congress, with its vast amount of legislation upon "customs duties" and "internal revenue taxes," did not use the words advisedly.

Upon the request of counsel for the government, I have examined the history of the passage of the act, but I do not find reason to change the construction now put upon it. The words "internal revenue" were not in the original bill when it came from the House of Representatives, but were inserted by Senate committee amendment No. 311, and accepted by the House. It would also appear that Congress used the words "internal revenue tax" and "duties" with discrimination, for in subdivision (b) of section 600 the word "duties" is used, and in section 702 of the same act (Comp. St. § 6204d), imposing a "floor tax" on imported cigars, cigarettes, tobacco, etc., it reads "upon which the tax imposed by existing law has been paid." Therefore the "floor tax" of $3.20 per gallon did not apply to the plaintiff's distilled spirits, and the tax of $3,699.20 should be refunded.

### The Second Cause of Action.

[3] Prior to October 3, 1917, plaintiffs imported through the port of New York 150 proof gallons of distilled spirits, which were placed in the United States bonded ware-

house, remaining there until January 16, 1920, when they were exported to Bermuda. Upon arrival, the spirits were subject to a customs duty of $2.60 per proof gallon under the Tariff Act of October 3, 1913, and as they remained in the bonded warehouse on October 3, 1917, when the War Revenue Act of 1917 became effective, they became subject to an additional duty of $2.10 per proof gallon under section 300 of that act, if and when withdrawn. The spirits were still in the bonded warehouse when the War Revenue Act of 1918 became effective on February 5, 1919, and the said collector of internal revenue demanded, and the plaintiffs paid under protest on May 6, 1919, the aforesaid tax of $3.20 per proof gallon, amounting to $480. The plaintiffs filed a refund claim, which was also rejected on March 29, 1919.

These spirits were never withdrawn from the bonded warehouse; after remaining in the warehouse less than three years, the permitted time, they were shipped to Bermuda; they were subject neither to "internal revenue tax" nor "duty." It seems to be conceded by counsel for the government that plaintiffs are entitled to a refund of this $480, and no valid reason appears to the contrary. In fact, it is difficult to understand upon what theory it was collected.

Accordingly, the motion of the United States to dismiss is denied, and judgment may be entered for plaintiffs in the amount of $4,179.20, with interest.